# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MICHAEL FRIDMAN, individually and
on behalf of all those similarly situated,

    Plaintiff,

vs.                                            Case No.

1-800 CONTACTS, INC.,              State Court Case No. 2021-006323-CA-01

    Defendant.
_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant 1-800 Contacts, Inc. ("1-800 Contacts" or "Defendant") hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and styled as Case No. 2021-006323-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami Division. In support of removal, 1-800 Contacts states as follows:

**I.  BACKGROUND**

1. On March 16, 2021, Plaintiff Michael Fridman ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a putative class action by filing a Class Action Complaint ("Complaint") against 1-800 Contacts. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.  On April 6, 2021, 1-800 Contacts was served with the Complaint. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

3.  True and correct copies of all process, pleadings, and orders in the State Court Action not previously referenced are attached hereto as **Exhibit C**.

4.  The Complaint alleges that 1-800 Contacts unlawfully intercepted Plaintiff's and putative class members' "electronic communications" in violation of the Florida Security of Communications Act, Fla. Stat. § 934.01, *et seq*. ("FSCA"). (Ex. A ¶ 1).

5.  This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon 1-800 Contacts.

6.  Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## II.   VENUE

7.  The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. § 1332. This is a purported class action in which the Complaint alleges that the putative class includes no less than 100 individuals, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which the plaintiff is a citizen of a State different from the defendant.

Removal is proper under 28 U.S.C. § 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1332(d)(2).

8. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the district and division embracing Miami-Dade County, Florida, the location where the State Court Action is pending.

## III. JURISDICTION

9. This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### A. This Action Meets the "Class Action" Definition Under CAFA

10. The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

11.   Plaintiff filed the State Court Action as a putative class action. *See* (Ex. A ¶ 1) ("This is a class action. . . .")

12.   Plaintiff also asserts that he seeks to represent a class, defined as:

> Florida residents who visited the Website [1800contacts.com], and whose electronic communications were intercepted or recorded by QM on behalf of Defendant, without their prior consent . . .

(Ex. A ¶¶ 3, 43).

### B.   The Putative Class Exceeds 100 Members

13.   Plaintiff alleges that the putative class is, upon information and belief, "in the thousands." (Ex. A ¶ 47; *see also* **Exhibit D**, Declaration of John T. Williams, ¶ 10 indicating that the putative class, based only on Plaintiff's allegations would at least exceed 5000 individuals). Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[1]

### C.   The Action Meets CAFA's Minimal Diversity Requirement

14.   CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one

---

[1] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, 1-800 Contacts denies that this action ultimately will prove appropriate for class treatment.

plaintiff and one defendant are from different states).” *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

15. Plaintiff alleges that he is a citizen of Miami-Dade County, Florida. (Ex. A ¶ 7).

16. 1-800 Contacts is a Delaware corporation with its principal place of business in Draper, Utah. (Ex. A ¶ 8; *see also* Ex. D, ¶10 and **Exhibit E** (the Delaware Division of Corporations webpage reflecting the corporate information of 1-800 Contacts). 1-800 Contacts is therefore a citizen of Delaware and Utah. *See* 28 U.S.C. § 1332 (“a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.”).

17. Accordingly, because Plaintiff is a citizen of Florida, and 1-800 Contacts is a citizen of Delaware and Utah, CAFA's minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

### D. This Action Meets CAFA's Amount-in-Controversy Requirement

18. CAFA creates original jurisdiction for “any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.” 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

19. The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, No. 14-11615, 2014 U.S. App. LEXIS 10489, *2-*3 (11th Cir. June 5, 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

20. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

21. Nevertheless, 1-800 Contacts has submitted a declaration in support of its notice of removal that supports how the amount in controversy requirement is satisfied. *See* Ex. D ¶ 10. When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

22. Although Plaintiff's Complaint filed in the State Court Action does not specify the amount of damages Plaintiff and the class seek in total, it includes allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

23. Plaintiff's Complaint seeks declarative and injunctive relief, liquidated damages, punitive statutory damages, and attorneys' fees and costs. (Ex. A ¶ 71). The damages sought by Plaintiff are set forth by the FSCA, which provides for "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher." (Ex. A ¶ 39). The statute of limitations for an FSCA claim is two years. Fla. Stat. Ann. § 934.10(3).

24. Further, Plaintiff's Complaint alleges three causes of action [2] against 1-800 Contacts, two of which request statutory damages and attorneys' fees. (*See* Ex. A ¶¶ 71, 78). These allegations provide additional support that the amount-in-controversy requirement under CAFA is met.

25. More than 5,000 unique Florida visitors placed an order via the Website and entered billing and shipping addresses based in Florida between March 16, 2019 and March 16, 2021. See. Ex. D, Declaration of John T. Williams, ¶ 10. Thus, since Plaintiff seeks to recover up to the maximum statutory damages of $1,000 for each

---

[2] Plaintiff's Complaint contains three causes of action. 1-800 Contacts reserves the right to challenge whether the causes of action are properly pled.

class member, the aggregated sum of alleged statutory damages alone therefore exceeds $5,000,000 (the amount if the 5,000 unique Florida visitors who entered billing and shipping addresses based in Florida when they placed an order via the Website each recovered the maximum statutory damages of $1,000) . Plaintiff's claims for attorneys' fees and injunctive relief further increase the "sum or value" his demand places in controversy and, when taken together with the statutory damages Plaintiff demands, yields a value that satisfies the jurisdiction amount under CAFA. *See* 28 U.S.C. § 1332(d)(2); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

### IV. <u>NOTICE</u>

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

27. A copy of the civil cover sheet is attached hereto.

### V. <u>CONCLUSION</u>

WHEREFORE, 1-800 Contacts respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

May 3, 2021                                   Respectfully submitted,

                                              By: */s/   Jason H. Baruch*
                                                  Jason H. Baruch
                                                  Florida Bar No. 10280
                                                  Jessica S. Kramer
                                                  Florida Bar No. 125420
                                                  HOLLAND & KNIGHT LLP
                                                  100 North Tampa St., Suite 4100
                                                  Tampa, FL 33602
                                                  Tel: 813-227-8500 // 813-229-0134 fax
                                                  E-mail: jason.baruch@hklaw.com
                                                  Secondary: wendysue.henry@hklaw.com
                                                  E-mail: jessica.kramer@hklaw.com
                                                  Secondary: gloria.mcknight@hklaw.com

                                                  and

                                                  Brandon T. White
                                                  Florida Bar No. 106792
                                                  HOLLAND & KNIGHT LLP
                                                  701 Brickell Avenue Suite 3300
                                                  Miami, FL 33131
                                                  Tel: 305-374-8500
                                                  E-Mail: brandon.white@hklaw.com

                                                  *Attorneys for 1-800 Contacts, Inc.*

#83968480_v1